FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 26 2000

JAMES W. McCORMACK, CLE
By: _____ DEP CL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) Civil Action No. 5:00CV00395 G.
v. )
)
ARKANSAS DEPARTMENT OF CORRECTION, )
an Agency of the State of Arkansas, ) This case assigned to District Judge Howard
) and to Magistrate Judge Cavaneau
    Defendant. )
_____)

## COMPLAINT

Plaintiff, United States of America, alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

2. This Court has jurisdiction over the action under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

3. Defendant Arkansas Department of Correction ("ADC") is an agency of the State of Arkansas.

4. Defendant is a person within the meaning of 42 U.S.C. Section 2000e(a), and an employer and/or agent of an employer within the meaning of 42 U.S.C. Section 2000e(b).

5. Defendant has discriminated against Linda S. Finley, a Seventh-day Adventist who applied for a position as a correctional officer with the ADC, on the basis of her religion in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

      a.    failing or refusing to hire Linda S. Finley; and

      b.    failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Linda S. Finley.

6. Defendant has discriminated against Vickie R. Finley, a Seventh-day Adventist who worked as a correctional officer for the ADC, on the basis of her religion in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

      a.    terminating Vickie R. Finley; and

      b.    failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Vickie R. Finley.

7. The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Linda S. Finley (Charge No. 251980161) in which she alleged that she had been discriminated against on the basis of religion by defendant's failure to hire her as a correctional officer. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that the allegations of discrimination were true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of these matters, and subsequently referred the charge to the U.S. Department of Justice.

8. The EEOC received a timely charge filed by Vickie R. Finley (Charge No. 251980160) in which she alleged that she had been discriminated against on the basis of religion by defendant's termination of her employment as a correctional officer. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that the allegations of discrimination were true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of these matters, and subsequently referred the charge to the U.S. Department of Justice.

9. All conditions precedent to the filing of suit have been performed or have occurred.

WHEREFORE, plaintiff United States prays that this Court grant the following relief:

a. Enjoin the defendant from failing and refusing to:
  i. provide sufficient remedial relief to the charging parties, Linda S. Finley and Vickie R. Finley, to make them whole for the losses they have suffered as the result of the discrimination against them as alleged in the complaint; and
  ii. take other appropriate nondiscriminatory measures to overcome the effects of the discrimination; and
b. Award compensatory damages to Linda S. Finley and Vickie R. Finley as would fully compensate them for injuries caused them by the defendant's discriminatory

conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

The plaintiff prays for such additional relief as justice may require, together with its costs and disbursements in this action.

JANET RENO
Attorney General

By: *[signature]*

BILL LANN LEE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

PAULA J. CASEY
United States Attorney
Eastern District of Arkansas

*[signature]*

*[signature]*

WILLIAM B. FENTON
CHARLOTTE BURROWS
Attorneys
Civil Rights Division
U.S. Department of Justice
P.O. Box 65968
Washington, D.C.  20035-5968